NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1035 consolidated with 12-1036


RALPH COLEMAN, ET AL.

VERSUS

GREGORY LANDRY, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DIV. J, NO. C-20046151 C/W C-20046153
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.


AFFIRMED.


Lee Ann Archer
Law Office of Lee A. Archer
1225 Rustic Lane
Lake Charles, LA   70605
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Ralph Coleman
    Dejuana Hightower

**Mark Gerard Artall**
**Attorney at Law**
**109 S. College Road**
**Lafayette, LA 70503**
**(337) 233-1777**
**COUNSEL FOR PLAINTIFFS-APPELLANTS:**
  **Ralph Coleman**
  **Dejuana Hightower**

**William Compton Helm**
**Helm & Jacobs, LLC**
**4336 North Blvd., Suite 200**
**Baton Rouge, LA 70806**
**(225) 767-9974**
**COUNSEL FOR DEFENDANT-APPELLEE:**
  **Jerry Groshans d/b/a J&L Trucking Co.**

**Donald Russell Smith**
**Attorney at Law**
**6777 Jefferson Hwy**
**Baton Rouge, LA 70806**
**(225) 926-0770**
**COUNSEL FOR DEFENDANT-APPELLEE:**
  **Progressive Security Insurance Co.**

**PICKETT, Judge.**

Ralph Coleman and Dejuana Hightower, acting individually and on behalf of their incapacitated major daughter, Heather Coleman (collectively referred to hereinafter as Coleman), appeal the trial court's grant of summary judgment in favor of Paul Girard "Jerry" Groshans, doing business as J&L Trucking Company, and his insurer, Progressive Security Insurance Company (Progressive).

## STATEMENT OF THE CASE

On December 18, 2003, Robert Jackson drove his motorcycle eastbound on U.S. Highway 90. Heather Coleman rode as a passenger on Jackson's motorcycle. As Jackson made a right turn into the parking lot of a truck stop, a motorcycle operated by Gregory Landry collided with the motorcycle operated by Jackson. Heather Coleman was thrown from the motorcycle and suffered grievous brain injuries as a result of the collision. She is permanently disabled.

Ralph Coleman and Dejuana Hightower, Heather Coleman's parents, filed two separate lawsuits to recover for the damages suffered by Heather and themselves as a result of the accident. They filed one suit against Jackson and Landry and their insurers, alleging negligence in the operation of the motorcyles on the night in question. In a separate suit, they sued Jerry Groshans d/b/a J&L Trucking Company (Groshans) and his insurer, Progressive, alleging that Jackson and/or Landry were employees of Groshans, acting in the course and scope of their employment on the night of the accident, and that the insurance policy issued by Progressive covered the injuries sustained by Heather Coleman. The suits were consolidated for trial.

Groshans filed a motion for summary judgment, arguing that Jackson was never his employee, and therefore, he was not vicariously liable for the injuries sustained by Heather Coleman. Progressive filed a motion for summary judgment

alleging that its insurance policy did not cover the injuries sustained by Heather Coleman. The trial court granted both motions for summary judgment and dismissed Groshans and Progressive from the suit. Coleman now appeals.

## ASSIGNMENTS OF ERROR

Coleman asserts seven assignments of error:

1.  The district court erred in granting defendants' motions for summary judgment and dismissing plaintiffs' claims against Progressive Security Insurance Company and Jerry Groshans d/b/a J&L Trucking Company.

2.  The district court erred in determining the disputed issue of vicarious liability on summary judgment.

3.  The district court erred in weighing the evidence and disregarding the testimony of four witnesses on the disputed issue of vicarious liability.

4.  The district court erred in deciding that only the "first-hand" testimony of defendants Jackson and Groshans was admissible: statements of a party are not hearsay [sic].

5.  The district court erred in failing to consider the separate issue of liability under Progressive's insurance policy, which covered employees of Groshans driving "temporary substitute vehicles."

6.  The district court erred in failing to recognize that disputed issues of material fact precluded summary judgment upon the employee status of Jackson and Landry under the Progressive policy.

7.  The district court erred in failing to recognize that under the ambiguous policy provision regarding "temporary substitute vehicle," the policy must be construed to cover the motorcycles.

## DISCUSSION

In reviewing judgments granting a motion for summary judgment, this court uses a de novo standard of review. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 07-1670 (La. 2/26/08), 977 So.2d 839. Where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law," then summary judgment is appropriate. La.Code

2

Civ.P. art. 966(B).  In determining if there is a genuine issue of material fact for the purposes of a motion for summary judgment, a court does not make credibility determinations or evaluate the weight of the evidence.  *Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

In the second assignment of error, Coleman argues that the trial court improperly disregarded the deposition of Ralph Coleman and the affidavits of Dejuana Hightower, Susan Piccione, Jackson's sister, and Robert M. Jackson, Jackson's father.  In its reasons for judgment, the trial court clearly stated that it gave more weight to the "first-hand" testimony Groshans and Jackson.  In the second assignment of error, Coleman argues that the trial court improperly excluded the deposition of Ralph Coleman and the affidavits of Hightower and Jackson's sister and father.  We find nothing in the record indicating that this evidence was ever subject to an objection or excluded by the trial court.  In reviewing the evidence de novo, then, we will review all the evidence in the record, including these depositions and affidavits.

Coleman argues that Jackson and Landry were on an errand for Groshans when they were pulling into the truck stop when the accident occurred, therefore Groshans is vicariously liable for the injuries sustained by Heather Coleman.  The key question, then, is whether Jackson or Landry were employees of Groshans acting in the course and scope of their employment at the time of the accident.  Jackson and Groshans flatly deny that there was ever a master-servant or employment relationship.  They also both stated that Jackson was not delivering an alternator for a 1996 Peterbilt tractor to Groshans when the collision occurred.  Groshans testified that he himself was in the process of installing the alternator, which he had picked up from the parts store, when he heard the motorcycles approaching and looked up to see the collision.

3

To support the claim that Jackson or Landry were employees of Groshans, Coleman points to the deposition Ralph Coleman and the affidavits of Hightower, Piccione, and Robert M. Jackson. Hightower stated that Jackson told her after the accident that he was delivering an alternator to Groshans at the truck stop, and that he was supposed to repair Groshans' truck. She stated that Jackson told her that he regularly bartered his services to Groshans in exchange for Groshans allowing him to use his shop. Ralph Coleman testified in his deposition that Jackson told him they were on way to the truck stop to deliver an alternator or repair Groshans' truck. In virtually identical language, both Jackson's sister and father state that Jackson told them that he was delivering a part to Groshans at the time of the accident.

Clearly there is a disputed issue of fact about whether Jackson was delivering an alternator at the time of the accident. The critical, material issue of fact that Coleman must provide some evidence of, however, is whether Jackson or Landry were employees of Groshans at the time of the accident. To determine whether an employee-employer relationship exists, the supreme court has held that the most important issue to be considered is the right of control and supervision over an individual. *Savoie v. Fireman's Fund Ins. Co.*, 347 So.2d 188 (La.1977). "Factors to be considered in assessing the right of control are the selection and engagement of the worker, the payment of wages and the power of control and dismissal." *Id.* at 191.

We find that even if Jackson or Landry was delivering an alternator to Groshans, there is no evidence in the record that either of them was an employee or servant of Groshans. The evidence is clear that Jackson and Groshans were long-time friends. Groshans allowed Jackson to use space in his shop to tinker with his motorcycles and store a welding machine and a drill press. Jackson occasionally

4

did small jobs for Groshans personally, but Jackson was never paid for his services. Groshans barely knew Landry. There is no scintilla of evidence that Groshans exercised any control over Jackson or Landry. We find that even if Jackson or Landry was delivering an alternator to Groshans at the time of the accident, it was not as an employee but as a friend doing another friend a favor. The trial court did not err in granting summary judgment in favor of Groshans and dismissing Coleman's claims.

Likewise the trial court did not err in granting summary judgment in favor of Progressive. In order for the Progressive policy issued to Groshans to provide coverage, the first inquiry is whether Jackson or Landry were employees of Groshans. As we have determined that they were not employees, we find no coverage.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Ralph Coleman and Dejuana Hightower.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.